## TOLLE VS. STONE.

ACTS OF DE FACTO OFFICERS VALID. — Upon an appeal from the judgment of a justice of the peace, the district court cannot inquire into the qualifications of the justice who tried the cause, and decide whether he is legally in office or not. The qualifications of a public officer, or his right to the office, cannot be examined and decided collaterally. The acts of an officer *de facto* are valid so far as the public and third persons are concerned.

ERROR to the District Court for *Grant* County.

*Tolle* commenced an action against *Stone*, before a justice of the peace, in Grant county. The cause was removed, under the statute, to Cyrus K. Lord, another justice, who proceeded to try the case, and who rendered a judgment in favor of *Tolle* for $42.50. From this judgment *Stone* appealed to the district court. In the district court *Stone* moved the court to dismiss the suit, because — 1st, Cyrus K. Lord, the justice who tried the cause, never executed a bond to the treasurer of the county, as required by law; and 2d, because at and before the trial there was no bond or oath of office of the said justice on record in the office of the clerk of the district court for Grant county, as required by law.

It appeared that Lord was duly commissioned a justice of the peace on the 12th day of January, 1840; he took and subscribed an oath of office on the 10th of February, 1840, and executed a bond according to the form of the statute, signed by two sureties, but not by the principal, which was approved by the treasurer of the county, and which bond and oath of office were deposited with the clerk of the district court, and marked, "filed 12th February, 1840," but were never recorded in any book.

Upon this state of facts it was insisted that Lord was not a justice of the peace, and could not lawfully entertain jurisdiction of any cause, and the court below decided, that not having complied with the requisitions

Tolle vs. Stone.

of the statute as to his qualifications, he was not a legal justice of the peace, and dismissed the suit.

*Wiram Knowlton*, for plaintiff in error:

1. It was too late to take the objection after issue joined and a continuance had been had before the justice. Stat. Wis. 333, § 7; 1 Brown (Pa.), 95.

2. The bond, though not signed by the principal, was sufficient to bind the sureties, and was therefore good. *Union Bank of Maryland v. Ridgley*, 1 Har. & Gill. 324; *Andrews v. Beall*, 9 Cow. 693.

3. Though the bond and oath of office were not recorded, they were filed with the clerk, whose duty it was to record them, and that was sufficient. *Young v. Commonwealth*, 6 Binney, 88; *Althorp v. North* 14 Mass. 167.

4. The title of an officer *de facto* to his office, cannot be inquired into collaterally or in a proceeding to which he is not a party. It is enough in all cases, except in *quo warranto*, that he was an officer *de facto*. *People v. Adams*, 9 Wend. 464; 3 Tomlinson's Law Dic. 280–287; *Potter v. Luther*, 3 Johns. 431.

5. Lord, although he never gave bond according to law, if he accepted the office and took the necessary oath, he was an officer *de jure*, and he was only liable to a penalty. *Galbreath v. Brown et al.*, 15 Mass. 107; 7 Am. Com. Law, 144; *Marbury v. Madison*, 1 and 2 Cranch, 49.

6. If Lord was not an officer *de jure*, he was an officer *de facto*, and his acts are valid so far as the public and third persons are concerned. 7 Am. Com. Law, 142; *McKinstry v. Tanner*, 9 Johns. 135; *People v. Collins*, 7 id. 549; 5 Wend. 231; 1 Hill, 674; *McKim v. Somers*, 1 Penrose & Watts, 297.

*Mr. Beavans*, for defendant in error.

IRVIN, J. Upon examination of this case it appears that the plaintiff commenced, on the 2d day of September, 1841, a suit before a justice of the peace, in and for the county of Grant, against the defendant, by process

returnable on the 9th of said month, when the parties appeared, and under the provisions of the statute, removed it before another justice of the peace, Cyrus K. Lord. The suit was to recover damages for injury done by defendant to a horse of plaintiff's, and for which a jury found a verdict in favor of plaintiff for $42.50, on which the justice gave judgment, and from which the defendant appealed to the district court for Grant county, in which when the cause came on for further trial, the "defendant, by his attorney, moved the court to dismiss this cause, because —

"1st. The said C. K. Lord, before whom the cause was tried, has never executed a bond to the treasurer of Grant county, as required by the law to be executed by all justices of the peace, before entering upon the duties of his office.

"2d. Because, at and before the trial of the said cause before the said C. K. Lord, there was no bond or oath of office on record in the office of the clerk of the district court of Grant county, as required by law;" which motion was sustained, and the cause dismissed at plaintiff's costs, and to which decision exception was taken by plaintiff, and the cause brought here to correct the error complained of in that decision and judgment of the district court.

The only question presenting itself here for the consideration of the court is, did the district court err in permitting the qualifications of C. K. Lord (the justice before whom the cause was tried) to be inquired into and acted upon collaterally? It is contended that the court did err, and in support of the position, reference is made to a decision of this court at a former session. *Lask v. The United States, ante,* 9 Wend. 464; 7 Am. Com. Law, 477, 478; and numerous other authorities. In 1 Penn. 297, in the case of *McKim v. Somers,* the question arose on an objection to a deposition alleged to have been taken before a justice of the peace, whose commission had been vacated by force of law. The decision of

Tolle vs. Stone.

the court was against the objection, and inasmuch as the judge who delivered the opinion has gone fully into the consideration of the subject, we could not, perhaps, do better than to give his views as he has given them himself, believing as a majority of this court does, that it is a case in point. Judge ROGERS says:

"The plaintiff also objected to a deposition in evidence on the ground that Joel C. Bailey, the person before whom the deposition was taken, was not a justice of the peace. Whether the facts alleged in the bill of exceptions would vacate the commission of the justice, we are not called upon to determine. Whenever an information is filed, it will be time enough to determine the question. At present we think it even improper to intimate an opinion. And this is not accorded to Mr. Bailey as a favor, but is nothing more than common, even-handed justice, that he should have an opportunity of being heard, and be permitted, if occasion should require it, either to traverse the facts, or contradict the conclusions of the law attempted to be drawn from them. It would be the height of injustice if we were now to determine, or even suffer his right to hold his commission to be called in question, in a cause in which he is not party and cannot be heard. The counsel for the defendant objected to the court going into the question whether he was a justice *de jure* at all, and in this we conceive they were in the strict line of their duty. They contended, and with a force that has not been weakened by the reply, that it was sufficient for their purpose that he held a commission from competent authority, and that in taking the deposition, which is an official act, he was acting in the district for which he was appointed; that this constituted him a justice *de facto*, with at least colorable authority; and that as long as the commission remained without being superseded by the Governor, or vacated by the supreme court, the validity of his acts could not be questioned. One would have supposed that these reasonable objections would have been entitled to respect; for,

Tolle vs. Stone.

setting aside the extreme injustice of impeaching, or even impairing the right to an office, without giving an opportunity of hearing the party principally affected by the decision, the inconvenience, and I may add in some cases indelicacy, of the inquiry, would be intolerable.

If the plaintiff had been heard in this preliminary matter, the opposite party would have been permitted to controvert the facts by the introduction of testimony on their part, and this would open a scene which I should be sorry to see exhibited in a court of justice. An examination would ensue before the court, which in some cases would last a week, whether a deposition should be received, in a case of the most trifling nature and amount, as the court would be both judge and jury. The inconvenience of this novel doctrine would cause them to pause before they acceded to it. If I understand the counsel, they admitted the law, in its full force, as respects ministerial officers, but denied it as respects judicial officers. I should have been pleased to have seen some authority in which the distinction is taken; the reason for such a distinction is not very apparent. If this be law as regards ministerial officers, which may be shown by a host of authorities, I say, *a fortiori*, it should be so held in the case of judicial officers. The law is formed on policy and convenience, reasons which apply with ten fold force to officers of the latter description." And afterward, the same judge, in speaking of the case of *The Commonwealth v. Richard Bache*, says: "Richard Bache was indicted for an assault and battery on Alderman Binns. The indictment contained two counts; one for an assault and battery; the other for an assault and battery upon Alderman Binns, while in the execution of the duties of his office. It was the opinion of the whole court, that Binns' right to the office he held, could not be questioned on the indictment, and we accordingly suspended giving judgment, and put Bache to an information in the nature of a writ of quo warranto."

A majority of this court considers this the true doc-

trine upon this subject, and as recognized by the authorities already referred to. 11 Viner's Abr. 114; 7 Johns. 549; 5 Wend. 231; 9 Johns. 135; 15 Mass. 170.

We are therefore compelled to reverse the decision of the district court, with costs.

DUNN, C. J., *dissented.*

NOTE.— See *Knowlton ex rel. v. Williams*, 5 Wis. 308; *In re Bridget Boyle*, 9 id. 264; *Dean v. Gleason*, 16 id. 1.