35    287
76    363

35      287
113   1 24.

---

## THE STATE VS. BARTLETT.

CITY CHARTER: POLICE JUSTICE. (1, 2) *Provisions of charter for substitute for police justice, held valid.* (3) *Presumptions in favor of jurisdiction of such substitute.* (4) De facto *police justice; his jurisdiction cannot be questioned collaterally.*

CONSTITUTIONAL LAW: CITY CHARTER. (5) *Criminal actions must be in name of state. Charter provision as to prosecutions for assaults in name of city, void.* (6, 7) *Appeals in criminal actions. Particular corporation cannot be exempted by name from general law.*

1. The charter of a city provides for the election of a police justice for a term of two years, with exclusive jurisdiction of criminal cases arising within the city, cognizable before a J. P. It further provides that, "in case of the absence, illness or other inability of such police justice, or for any sufficient reason, the mayor, by warrant, may authorize any justice of the peace within said city to perform the duties of said police justice for the city; and it shall thereupon be the duty of the mayor * * to make report" of such substitution to the

The State vs. Bartlett.

common council, "and they may confirm or set aside such appointment," etc. *Held*, that this provision as to substitution is valid.

2. By the general laws of the state, each J. P. in said city would have the jurisdiction which said charter confers upon the police justice; and the clause above recited, relating to substitution, merely provides for removing the charter restrictions from one of said justices, to be designated by the mayor, in certain contingencies.

3. On a writ of *habeas corpus* it appeared that the petitioner was held by the sheriff under a warrant of commitment signed by one P. as "acting police justice" of said city, for nonpayment of a fine imposed upon him in a criminal prosecution as for an assault and battery, before said P. as such acting police justice; and the sheriff's return states that P., when he issued said warrant of commitment, was acting police justice of the city by virtue of a warrant issued to him by the mayor pursuant to the provisions of the charter, he being at the time a J. P. in said city. *Held*, that nothing appearing to the contrary, it must be *presumed* in favor of the jurisdiction, that P. was a *duly elected and qualified* J. P. of said city; that there was a legal and sufficient cause for his appointment by the mayor to act as police justice; that the warrant of appointment was in due form; and that such appointment was duly confirmed, if that was necessary to its validity.

4. Even if the provisions of the charter by which P. was appointed to act as police justice were invalid, he was still the *de facto* police justice, and his right to exercise the office could not be determined in a collateral proceeding.

5. By sec. 7, art. VII of the state constitution, all criminal prosecutions in this state must be carried on in the name of the state of Wisconsin; and a provision in the charter of said city directing certain prosecutions for assaults, batteries and affrays to be commenced in the name of the city, is void.

6. Said charter also provides that, "in all cases of prosecution  *  *  for any assault, battery or breach of the peace, or any affray *not indictable*, committed within the city limits, no appeal shall be allowed, where the judgment or fine, exclusive of costs, is less than twenty-five dollars." *It seems* that all offenses of the kind named *are indictable* in this state, and there is, therefore, nothing to which such provision denying an appeal can apply.

7. *It seems*, also, that if there were any criminal actions to which such provision could apply, it would be invalid, on the ground that it exempts a particular corporation by name from the operation of the general laws of the state touching appeals. *Durkee v. Janesville*, 28 Wis., 464.

CERTIORARI to the Judge of the Eighth Judicial Circuit.

The charter of the city of Hudson provides for the election therein of a police justice who shall hold his office for two years. His jurisdiction, in the particulars involved in this case, is as follows: "The police justice shall possess all the authority, powers and rights of a justice of the peace of the county of St. Croix under the laws of the state, and shall have in addition thereto, sole, exclusive jurisdiction to hear all complaints, and conduct all examinations and trials, in criminal cases arising within the city, cognizable before a justice of the peace."

The charter also contains the following provisions:

" In case of absence, sickness or other inability of such justice, or for any sufficient reason, the mayor, by warrant, may authorize any justice of the peace within said city to perform the duties of said justice for the city; and it shall thereupon be the duty of the mayor to inform the city attorney and police of such substitution, and make report thereof to the common council, and they may confirm or set aside such appointment or appoint some other justice of the peace; and the justice of the peace so appointed shall, for the time being, possess all the authority, powers and rights of such police justice."

" All prosecutions for assaults, batteries and affrays not indictable * * * shall be commenced in the name of the city of Hudson, and the same proceedings shall be had in all civil and criminal suits before said justice, where not otherwise herein directed, as are established and required to be had in civil and criminal actions, by the laws of this state, before a justice of the peace: *provided*, that in cases of prosecution * * * for any assault, battery or breach of the peace, or an affray not indictable, committed within the city limits, no appeal shall be allowed where the judgment or fine, exclusive of costs, is less than twenty-five dollars." P. & L. Laws of 1867, ch. 111, sec. 10, sub-ch. 3, as amended by P. & L. Laws of 1868, ch. 315.

The charter divides the city into three wards, and provides for

the election of a justice of the peace in each ward.    Sub-ch. 1, sec. 3 (Laws of 1867, *supra*, p. 187).

The defendant in error applied to Hon. H. L. HUMPHREY, the judge of the eighth judicial circuit, for a writ of *habeas corpus*, and alleged in the petition therefor that he was imprisoned in the county jail of St. Croix county by virtue of a commitment issued by A. C. Patten, acting police justice of the city of Hudson.    The commitment, a copy of which is annexed to the petition, is in the usual form, and recites that the defendant in error was, upon his plea of guilty, duly convicted before said A. C. Patten (who signs himself "acting police justice"), of an assault and battery committed upon the person of one Rackcliff in said city, and fined twenty dollars and costs.    The prosecution was in the name of the state, and the commitment was issued for nonpayment of such fine and costs.

The writ of *habeas corpus* was allowed, and issued to the sheriff of St. Croix county, who made return thereto that he held the petitioner by virtue of such commitment; that the said Patten, when he issued the same, was acting police justice of said city by virtue of a warrant issued to him pursuant to the foregoing provisions of the charter, by the mayor of said city ; and that when such warrant was issued, Patten was a justice of the peace of said city.

The grounds assigned in the petition upon which it was claimed that the imprisonment of the petitioner was illegal, are, 1. That the mayor had no power to appoint Patten police justice ; and 2. That the provision of the charter under which the conviction was had, is unconstitutional, in that, by taking away the right of appeal, it deprived the petitioner of his right to be tried by a jury of twelve men.

The circuit judge discharged the petitioner from the custody of the sheriff.    This was done upon the return of the latter, which was not traversed or controverted in any manner.

The proceedings before the circuit judge were brought to this court for review, by writ of *certiorari*.

*L. P. Wetherby* and *J. L. Bishop*, for plaintiff in error:

1. It appears from the return of the sheriff that Patten was at the time of the commitment a justice of the peace, and was also acting as police justice by virtue of a warrant issued by the mayor. This return not being traversed, it will be presumed that the warrant was properly issued, and that the formalities required by statute were complied with. 2. The petitioner relied on the point that the charter, which provides for the *appointment* of a police justice, is repugnant to sec. 2, art. VIII of the constitution of this state. But it is not necessary to inquire into the constitutionality of the provision of the charter, for the reason that an officer who exercises the duties of an office under the provisions of an unconstitutional law is, as to the public and third persons, an officer *de facto*, and as such his acts are valid. *State v. Bloom*, 17 Wis., 521; *In re Boyle*, 9 id., 264; *Barker v. Dayton*, 28 id., 367; *State v. Carroll*, 38 Conn., 449; *S. C.*, 9 Am. Rep., 409; *Carleton v. People*, 10 Mich., 250; *Clark v. Commonwealth*, 29 Pa. St., 129; *Commonwealth v. McCombs*, 56 id., 436. As the officer assumed to exercise the *duties* of the office of police justice, it was immaterial whether he assumed the *title* of the office. 3. The magistrate acquired jurisdiction of the case as a justice of the peace. The provision of the charter may reasonably be construed to mean that the powers set off from the jurisdiction of the justice of the peace and conferred upon the police justice, shall be restored to the justice, and he thereby become clothed with his original criminal jurisdiction, upon the issuing of the warrant. The act of the mayor would, in such a case, be not an appointment of a police justice, but simply a designation of the justice of the peace who should exercise criminal jurisdiction. *Owens v. The State*, 27 Wis., 457.

*George Clinton*, for defendant in error. [No brief on file.]

LYON, J. It is stated in the affidavit or petition on which the writ of *certiorari* was allowed, that the learned circuit judge

discharged the defendant in error from the custody of the sher-
iff on the ground that the warrant of the mayor conferred no
authority or jurisdiction upon Patten to perform the duties of
police justice.

A similar question arose in *Owens v. The State*, 27 Wis., 456.
The charter of the city of Mineral Point vests in a municipal
court "exclusive jurisdiction of all criminal causes and matters
of which a justice of the peace has jurisdiction, when the cause
shall originate within the limits of the city," and provides for
the election of a judge of such court. It also provides, "that
any justice of the peace in said city shall have jurisdiction of
the causes last aforesaid, in case of absence, sickness or other
inability of said municipal judge, or in case of a vacancy in
such office, until the same shall be filled." The law was held
valid, and, in the absence of the municipal judge, the jurisdic-
tion of a justice of the peace over an action for an assault and
battery was sustained. The difference in the two cases is,
that in Mineral Point, in the absence of the municipal judge,
the jurisdiction of all of the justices of the peace over such
prosecutions is restored, while in Hudson, the jurisdiction of
only one of the justices, to wit, the one designated by the
mayor, is restored by reason of the absence or other disability
of the regularly elected police justice. It seems to us that the
cases are alike in principle. Hence we conclude that Patten
was lawfully acting as police justice when the defendant in
error was convicted before him, and when the commitment was
issued.

It may be here observed that, nothing appearing to the con-
trary, we must presume in favor of the jurisdiction of the po-
lice justice, that Patten was a duly elected and qualified jus-
tice of the peace of the city of Hudson; that there was legal
and sufficient cause for the action of the mayor; that the war-
rant of appointment was in due form; and that such appoint-
ment was confirmed by proper authority, if confirmation there-
of was essential to its validity.

The fact that Patten was a duly elected justice of the peace of Hudson, and of St. Croix county, is not without significance. But for the exclusive jurisdiction conferred by the charter of that city upon the police justice, Patten would have had jurisdiction of the case under the general laws of the state. The charter provisions which authorize the mayor, in certain contingencies, to designate a justice of the peace to act as police justice, would seem, therefore, to be only a method chosen by the legislature to remove from one of the justices of the city the charter restrictions, and to restore to him the jurisdiction which, but for the charter, he would have under the general laws of the state, by virtue of his election and qualification as a justice of the peace. We perceive no valid constitutional objection to a law which permits the restriction to be removed and jurisdiction restored or conferred in that manner.

But were it conceded that the law under which the mayor acted in designating Patten as the police justice, is invalid, the cases of *State v. Bloom*, 17 Wis., 521, and *Laver v. McGlachlin*, 28 id., 364, are decisive of the propositions that he was the police justice *de facto*, and that, as the result thereof, his right to exercise the office cannot be determined in a collateral proceeding.

A few remarks will suffice in respect to that provision of the charter which purports to take away the right of appeal where, as in this case, the fine imposed is less than twenty-five dollars. That provision relates only to those assaults, batteries and affrays which are *not indictable*. Our understanding of the law as it now stands, is, that all assaults, batteries and affrays are indictable. If we are correct in this view, there are no criminal actions upon which the law can operate, and it is a nullity. But were the words " not indictable " omitted from the provision, there would still remain an insuperable objection to the validity thereof. It enacts that prosecutions (doubtless meaning criminal prosecutions) for assaults, batteries and affrays, shall be commenced in the name of the city of Hudson,

whereas the constitution (art. VII, sec. 17) ordains that all criminal prosecutions shall be carried on *in the name* and by the authority of the state of Wisconsin.

Aside from the foregoing objections, it is quite probable that the provision (were there any criminal cases to which it is applicable) would be liable to the same objections as was the statute under consideration in *Durkee v. Janesville*, 28 Wis., 464. But it is unnecessary to spend more time on the subject. We find nothing in the charter which invalidates the conviction of the defendant in error, or the commitment under which he was held in custody by the sheriff.

It follows from the above views that the circuit judge erred in discharging the defendant in error from custody. The order for such discharge must therefore be reversed, set aside and vacated.

*By the Court.*— It is so ordered.