## COLE vs. THE PRESIDENT AND TRUSTEES OF THE VILLAGE OF BLACK RIVER FALLS.

*January 31 — February 20, 1883.*

*(1, 2) Officers* de facto, *elected under unconstitutional law.  (3) Particular act incorporating village need not be pleaded.  (4) Election of officers in villages.*

1. If public offices exist *de jure,* all persons who are in the exercise of the duties of such offices by color of law (even though such law be unconstitutional and void) are officers *de facto,* and their acts are valid.

2. The village of Black River Falls was a properly organized municipality under ch. 49, P. & L. Laws of 1866. Ch. 191, P. & L. Laws

of 1871, which purported to amend the act of 1866, provided for filling the village offices in an unconstitutional manner, and was so far invalid. Assuming that the officers of the village at the time this action was commenced had been elected in the illegal manner prescribed by the act of 1871, it is *held* that they were, nevertheless, officers *de facto,* and that a general demurrer to the complaint cannot be sustained on the ground that the defendant had no legal existence as a municipal corporation.

3. In an action against a village for injuries caused by a defective sidewalk, it is unnecessary to allege that such village was organized under or by virtue of any particular act, and an allegation that it was organized under an act which was void does not prevent the court from inquiring whether the village does not in fact exist under some valid law of the state.

4. Ch. 191, P. & L. Laws of 1871, which provides for the election of the officers of a village by declaring that the officers of the town within the limits of which such village is situated, shall be the officers of the village, is *in conflict with sec. 9, art. XIII,* of the constitution. Under that section all village officers must be elected by the electors of the village, or appointed by some village authority; and it is probable that there can be no village authority in which the power of appointment can be vested, which is not brought into existence by an election by the electors of the village.

APPEAL from the Circuit Court for *Jackson* County.

Action for an injury alleged to have been sustained by the plaintiff by reason of a defective sidewalk in the village of *Black River Falls.* It is alleged in the complaint " that the defendant is now and for upwards of ten years last past has been a body corporate and politic, organized under the provisions of ch. 191, P. & L. Laws of 1871, entitled ' An act to amend ch. 49, P. & L. Laws of 1866, entitled " An act to incorporate the village of *Black River Falls*" ' and that ever since the passage of the said act the said defendant has been in actual existence under the act of incorporation, the several acts amendatory thereto, and the general laws of the state." The defendant demurred to the complaint generally, and appealed from an order overruling the demurrer.

For the appellant there was a brief signed by *Johnson &*

*Ainsworth,* as attorneys, and *Gregory & Gregory,* of counsel, and the cause was argued orally by *Mr. J. C. Gregory.*

For the respondent the cause was submitted on the brief of *Carl C. Pope.*

TAYLOR, J.  The learned counsel for the appellant insist that the demurrer should have been sustained, for the reason that there is, in fact, no such municipal corporation in this state as the " *The President and Trustees of the Village of Black River Falls.*"  It may be a little difficult to understand how the defendant can be heard to allege that matter as a ground of demurrer, when the record shows that it has appeared by that name in the action, and filed its demurrer to the complaint; but, waiving the consideration of the apparent inconsistency upon the record, we will consider the questions raised on the argument by the learned counsel for the appellant.

It is said that there is no village of *Black River Falls* in this state, because ch. 191, P. & L. Laws of 1871, which purports to amend ch. 49, P. & L. Laws of 1866, entitled " An act to incorporate the village of *Black River Falls,*" is unconstitutional and void.  It is admitted, and I think we should take judicial notice, that the village of *Black River Falls* has existed as a municipal corporation in fact ever since the year 1866.  No objection is taken to the validity of ch. 49, P. & L. Laws of 1866, and it is not disputed that the village was a properly organized municipal corporation under said law until the enactment of ch. 191, P. & L. Laws of 1871; but it is claimed that since that chapter was enacted the corporation has been wiped out, *de jure* at least, although it may have had an existence *de facto* down to the present time.  This act of 1871 is either void entirely or it is void in part.  The act purports to amend the law of 1866, and not to repeal it.  If, then, the act of 1871 be a mere nullity, as violating the provisions of the constitution in regard to the election of officers of villages, it is as though it had never

Cole vs. The President and Trustees of the Village of Black River Falls.

been enacted. The original charter of 1866 is unaffected by it, and the village continues a municipal corporation under that act. If the act of 1871 be void only as to those parts of it which provide for the election of village officers, and valid as to the remainder, then the act of 1866, so far as it relates to the election of officers for the village, remains in force and is unrepealed by the amendment of 1871. *Shepardson v. Railroad Co.*, 6 Wis., 605; *State ex rel. Rogers v. La Crosse County Judge*, 11 Wis., 50.

It is claimed that as the plaintiff alleges that the defendant is a corporation organized under the provisions of ch. 191, P. & L. Laws of 1871, and has been so organized for more than ten years last past, it must be presumed that the village is officered in the way prescribed by that act, and not in the manner prescribed by the original and valid charter. If this be admitted, it does not follow that there is not a village of *Black River Falls* in fact. By virtue of the act of 1866 the village was duly organized as a municipal corporation, and, as we may presume, acted under the organization prescribed by that act. So, if the entire act of 1871 be void, or only void as to the provisions prescribing how the officers shall be thereafter elected, we still have a valid law organizing the village, and declaring what officers shall exist under the charter, and directing how the officers to fill such offices shall be elected or appointed. And we also have the invalid and unconstitutional law of 1871, directing such offices to be filled in a way not sanctioned by the constitution. If we take it for granted that the offices of the village have been filled since 1871 in the way prescribed by ch. 191, P. & L. Laws of 1871, still such officers are in office by color of law, and are therefore officers *de facto* if not *de jure*, and their acts are valid as to the public. If the offices exist *de jure*, then it is the settled doctrine of this court as well as of other courts that all persons who are in the exercise of the duties of such offices by color of law are officers *de facto*, and their

acts are valid.   And the fact that they are in by color of a law which is unconstitutional and void, does not make an exception to the rule.   See *Knowlton v. Williams*, 5 Wis., 308; *In re Boyle*, 9 Wis., 264; *Dean v. Gleason*, 16 Wis., 1; *State v. Bloom*, 17 Wis., 521; *Tolle v. Stone*, 1 Pin., 230; *Laver v. McGlachlin*, 28 Wis., 364; *Lask v. U. S.*, 1 Pin., 77; *Sauerhering v. Iron Ridge & M. R. R. Co.*, 25 Wis., 447; *State v. Bartlett*, 35 Wis., 287; *Sprague v. Brown*, 40 Wis., 612.

Notwithstanding the objections taken to the amended charter of the village passed in 1871, we have an organized village of *Black River Falls*, and although it be admitted that all its officers were illegally elected and inducted into office, yet they are holding such offices by color of law, and are, therefore, *de facto* officers; and their titles to their respective offices cannot be questioned except in a direct proceeding to oust them from office.

This view of the case disposes of all the questions raised by the learned counsel for the appellant, except the point made that because the complaint alleges that the village exists by virtue of ch. 191, P. & L. Laws of 1871, it must stand or fall by that law, and he cannot be permitted to invoke the aid of the original charter to prove the existence of the defendant as a municipality.   This objection can have little weight.   The question to be determined is whether the defendant is an existing village in this state.   There was no necessity for alleging that the village was organized under or by virtue of any particular act, and the allegation that it existed under an act which is void does not prevent the court from inquiring whether it does not in fact exist under some valid law of the state.   If the defendant had taken issue on that allegation, and alleged in its answer that it was not organized and acting under that act, it is clear that such answer would have been no defense to the action.

Enough has been said to show that the demurrer was properly overruled; but as it is important to the public that the constitutionality of the act of 1871, so far as it prescribes the manner of electing the village officers is concerned, should be determined by this court, we have concluded to consider that question in this case.[1]

Sec. 9, art. XIII, of the constitution reads as follows: " All county officers, whose election or appointment is not provided for by this constitution, shall be elected by the electors of the respective counties, or appointed by the boards of supervisors, or other county authorities, as the legislature shall direct. All city, town, and village officers, whose election or appointment is not provided for by this constitution, shall be elected by the electors of such cities, towns, and villages, or of some division thereof, or appointed by

---

[1] That part of ch. 191, P. & L. Laws of 1871, which relates to the election of the officers of the village is as follows:

" Sec. 4. The officers of said corporation shall be a president and two trustees, one marshal, one treasurer, and clerk, to be elected and appointed as hereinafter provided.

" Sec. 5. The three supervisors who shall hereafter be annually elected in said town of Albion [the town within the limits of which the village is situated], for the year in which they are elected and qualified, shall and they are hereby declared to be trustees of the said corporation, and as such shall have full power and authority to act until their successors are duly elected and qualified; and the person annually elected chairman of the board of such supervisors of said town, shall and is hereby declared to be the president of said corporation, and shall exercise all the powers and discharge all the duties conferred or imposed upon the president of said corporation by this act. The said supervisors and the chairman of said board of supervisors, acting as the trustees and president of the said corporation, are hereby declared and shall be known in law as the president and trustees of the village of Black River Falls.

" Sec. 6. The persons who shall be hereafter annually elected treasurer and clerk of the said town of Albion, shall and are hereby declared to be ex officio treasurer and clerk of said corporation, possessing all the powers and subject to all the duties and liabilities conferred or imposed by this act or by law."— REP.

such authorities thereof as the legislature shall designate for that purpose. All other officers whose election or appointment is not provided for by this constitution, and all officers whose offices may hereafter be created by law, shall be elected by the people, or appointed, as the legislature may direct."

This section declares in unmistakable terms that "all village officers whose election or appointment is not provided for by this constitution, *shall be elected by the electors of such village, or some division thereof, or appointed by such authorities thereof as the legislature shall designate for that purpose.*" It will be seen by this plain provision that the legislature has no power to appoint the officers for any village. The power of the legislature is limited to two methods: (1) To direct the election of the officers of the village by the electors thereof, or, if the village be divided into wards or other subdivisions for its better government, the officers of such division may be elected by the electors thereof. (2) The legislature may direct the appointment of village officers by some established authority of such village.

The original act of 1866 is a good illustration of conformity to this constitutional provision. Sec. 2 of that act declares that the government of the village, etc., shall be vested in a president and six trustees. Sec. 3 then provides for the election of the president and trustees by the electors of the village, and then directs that all the other officers of the village shall be appointed by the president and trustees. This act provides for the election by the electors of a president and trustees, who are declared to be the governing body of the corporation. Thus an authoritative governing body or board is legally created in the village, and to the authority so created the power to appoint the other village officers is given; and so the provisions of the constitution are complied with.

In the act of 1871 no power is given to the electors of the

village to elect any of the officers of the village, unless it be said the electors of the village have the right to vote for the town officers of the town of Albion, and in that way vote either directly or indirectly for village officers. We think this a clear evasion of the constitutional provision which gives the electors of the village the sole power to elect such officers of the village as are required to be elected. If it be argued that because they have a voice in the election of these officers in common with the electors of the town in which the village is situated, the requirement of the constitution in that respect is complied with, then it would be equally competent to declare that certain of the county or state officers should be the officers of the village, because in each of these cases they would have a voice in their election. Such a construction of the provision of the constitution which requires the officers of the village to be elected by the electors thereof, would be a complete perversion of the provision, and clearly cannot be tolerated. This court had occasion to consider this constitutional provision in the case of *State v. Tuttle*, 53 Wis., 45, and it was in effect held that the village officers who, under the charter, are to be elected, must be elected by the electors residing in said village, who are such electors by the constitution and general laws of the state, and that a law which deprived a resident elector from voting for such village officers was void. Clearly the right of the electors of a village to elect their officers made elective by their charter, is as much infringed by permitting the body of the voters of the town or county to vote for such officers with the village electors, as it is by depriving a few of the resident voters from participating in such elections. We agree, therefore, with the learned counsel for the appellant, that the amendatory act of 1871 is clearly void so far as it undertakes to provide for the election of village officers by declaring that the town officers of the town of Albion shall be the officers of the village.

The only village officer whose election is provided for by the constitution is a justice of the peace, and the constitution provides that he shall be elected by the electors of the village, where elected as an officer of the village. Sec. 15, art. VII, Const. All officers of a village must, therefore, be elected or appointed as directed in sec. 9, art. XIII, above quoted. The right to elect is vested in the electors of the village, and the right of appointment must be vested in some village authority, and does not vest in the legislature. It is probable that there can be no village authority in which the power of appointment can be vested, which is not brought into existence by an election by the electors of the village. The words "authority thereof" undoubtedly mean some officer, officers, or board of officers of the village. And there is no way of filling an office or official board in a village, in the first instance, except by an election by the electors thereof. When some office or board is filled by an election, then such officer or board may be vested with power to appoint other officers for the village; but until an election of some officer or officers of the village is in fact made by the electors thereof, there can be no village authority in which the appointing power can be vested by the legislature.

*By the Court.*— The order of the circuit court is affirmed.