## In re Burke.

*March 3 — March 18, 1890.*

*Officer* de facto: *Validity of official acts: Ashland municipal court.*

1. If an office has been lawfully established, and a person exercises the functions thereof by color of right, but whose election or appointment thereto is illegal, his official acts therein cannot be successfully attacked in collateral proceedings, but in all such proceedings will be held valid and binding until the officer is ousted by the judgment of a court in a direct proceeding to try his title to the office.

2. Ch. 94, Laws of 1889, establishing the municipal court of the city and county of Ashland, was duly published March 15, 1889. It provides that it shall be in force from its publication; that the judge of said court shall be elected on the first Tuesday of April following, to hold office from the first Monday in January thereafter; and that whenever a vacancy shall happen the governor shall fill it by appointment. On the day designated a judge was duly elected, and two days later the same person was appointed by the governor to hold the office until the first Monday in January following. *Held,* that the court was legally in existence and, whether the appointment was valid or not, the appointee was judge *de facto,* and his acts as such could not be successfully attacked in a collateral proceeding.

APPLICATION for a Writ of *Habeas Corpus.*

The facts are stated in the opinion.

For the petitioner there was a brief signed by *McCloud & McCully,* attorneys, and *Cole & O'Keefe,* of counsel, and the cause was argued orally by *Rublee A. Cole.* They contended, *inter alia,* that for judicial purposes the municipal court of Ashland county was not fully organized until a judge of that court, elected as provided in the act creating the court, took his office and qualified on the first Monday in January, 1890. Until then the act was not completely operative and there was no office of judge of said court which any one had a right to exercise judicial functions in. There was no office *de jure. State ex rel. Att'y Gen. v. Messmore,* 14 Wis. 163, 177; Const. of Wis. art. VII, sec. 2; *Fenelon v. Butts,* 49 Wis. 342, 347; *Chicago & N. W. R. Co. v. Langlade Co.* 56 id. 614. There can be no officer *de facto* unless there is an office *de jure. Van Slyke v. Trempealeau Co. F. M. F. Ins. Co.* 39 Wis. 390, 396; *Cole v. Black River Falls,* 57 id. 110, 113; *Yorty v. Paine,* 62 id. 154, 161; *Baker v. State,* 69 id. 32, 37.

*L. K. Luse,* Assistant Attorney General, *contra.*

LYON, J. In August, 1889, the petitioner was brought before L. A. CALKINS, Esq., then acting as judge of the

municipal court of the city and county of Ashland, for examination on a charge of embezzlement. He waived an examination, and was held for trial. In September following the district attorney filed an information against him in the same court for such offense, and in October of the same year he was tried, convicted, and sentenced to imprisonment in the state prison for the term of two and one-half years. He is now serving such sentence.

The petitioner now makes an application to this court for a writ of *habeas corpus*, to the end that the legality of his imprisonment may be inquired into. The foregoing facts are stated in his petition. He seeks to be released from such imprisonment because, as he alleges, there was no such court in existence as " the municipal court of the city and county of Ashland " at the time he was so convicted and sentenced, and no such officer, either *de jure* or *de facto*, as judge of such court. If these reasons exist, they are undoubtedly available on *habeas corpus*, for they go to the jurisdiction.

It was thought best to follow the practice indicated in *Petition of Semler*, 41 Wis. 517; and so an argument of the application was directed and has been had. All questions which could be raised on the return to the writ have been fully argued; and we are as well prepared to decide them on this application as we should be had the writ been issued and were the petitioner before us on the return thereto.

The municipal court of the city and county of Ashland was established by ch. 94, Laws of 1889, with jurisdiction concurrent with that of the circuit court of the same county of all cases of crimes and misdemeanors arising in that county, except murder and rape. The act was published March 15, 1889, and it is provided therein that the same " shall take effect and be in force from and after its passage and publication." (Sec. 11.) The act also provides as follows: " The qualified voters of the county of Ashland shall,

on the first Tuesday in April, 1889, and on the first Tuesday of April every fourth year thereafter, elect a suitable person to the office of judge of said municipal court, to be called municipal judge, who shall hold his office for the term of four years from the first Monday in January next succeeding his election, and until his successor shall be elected and qualified. . . . Whenever a vacancy shall happen in the office of said judge, the governor shall fill such vacancy by appointment." (Sec. 4.) Power to appoint a clerk of such court is conferred upon the judge thereof by sec. 5.

The first election for judge was held under said act on the first Tuesday in April, 1889, and L. A. CALKINS was duly elected. The notice of election specified that his term of office would commence on the first Monday in January, 1890. Two days after such election the governor appointed Mr. CALKINS judge of said court, to hold the office until the first Monday in January, 1890. On the authority of *State ex rel. Att'y Gen. v. Messmore*, 14 Wis. 163, it is claimed that the governor had no authority to make such appointment. For the purposes of this application, it will be assumed that he had not. It should be observed, however, that this application is not necessarily ruled by the *Messmore Case*, for the appointment in that case was to the office of circuit judge, and the case was decided upon certain constitutional provisions which may not be entirely applicable here.

The questions to be determined are: Was there any such court as "the municipal court of the city and county of Ashland" when such proceedings were had against the petitioner? And, if such court was then in existence, are those proceedings nullities because no person had lawful authority at that time to exercise the functions of judge thereof?

We are of the opinion that these questions are fully answered in *In re Boyle*, 9 Wis. 264. The facts in that proceeding are as follows: In 1859 the legislature enacted a

law establishing a municipal court in the city and county of Milwaukee. P. & L. Laws of 1859, ch. 199. , The act provided that it should take effect from and after its passage. It provided, also, for the election of a judge of such court on the first Tuesday in April, 1859. It was approved March 18, 1859, but was not published, and hence did not take effect, until June 29 of that year. An election of such judge was held at the time appointed therefor in the act, and the person elected qualified and entered upon the discharge of the duties of the office. The election was afterwards declared void by this court on *quo warranto* proceedings, and the person thus elected was ousted from the office. *State ex rel. Att'y Gen. v. Foote,* 11 Wis. 14. Before such ouster, but after the act of 1859 had been published, Bridget Boyle was tried in said court, before such acting judge, for a misdemeanor, and convicted thereof, and was committed to prison for nonpayment of a fine. On *habeas corpus,* the county judge discharged her from custody; but this court held, on *certiorari,* that notwithstanding the person acting as judge during those proceedings had no lawful right to the office, still the imprisonment of the petitioner was not illegal. Hence the order of the county judge releasing her from custody was reversed. The only difference in the two proceedings, on their facts, is that in the *Boyle Case* the judge was elected without lawful authority, while here he was appointed (as is assumed) without such authority. There is no difference in principle between the cases.

After holding in the *Boyle Case* that the judge thus elected without authority of law became judge *de facto* when the law took effect, and that his right to the office could not thereafter be inquired into collaterally, the opinion written by Mr. Justice PAINE proceeds as follows: "When it appears that the person exercising the powers of an office is in by such a color of right, and that he has such possession of the office, as makes him in law an officer *de facto,*

then his acts, as to third persons, are valid, and his right to hold the office can only be inquired into in some direct proceeding for that purpose; and such, it appears, was the character of the officers here. And the trial and conviction of the petitioner having occurred after the law was in force, we think she cannot, on *habeas corpus*, raise the question of the strict legal right of the judge to hold the office." (Page 267.)

The rule in the *Boyle Case* has been reaffirmed by this court in the following cases: In *Dean v. Gleason*, 16 Wis. 1, it was held that a tax voted in 1857 was not void because one half the members of the common council which voted it were elected before the city charter took effect. In the opinion, by PAINE, J., it is said: "The charter was in force long before the levy of this tax, and those officers were at least officers *de facto;* and their acts cannot be avoided by any objection to the legality of their election." In *Chicago & N. W. R. Co. v. Langlade Co.* 56 Wis. 614, an act of the legislature established Langlade county, and provided that the governor should appoint certain county officers therein to hold their respective offices from the establishment of the county until the first Monday in January, 1882 (nearly one year), and until their successors in office should be elected and qualified. Such appointments were thereupon made by the governor, and the appointees qualified as such. This court assumed, for the purposes of the case, that the legislature had no power to confer upon the governor authority to make such appointments. Still the appointees were held to be officers *de facto*, the validity of whose official acts could not be questioned collaterally. The same rule was applied in *Yorty v. Paine*, 62 Wis. 154, which involved an inquiry into the validity of official acts of certain acting town officers. The town had been created by an act of the legislature, and such officers were elected before

the law took effect, but the acts objected to were performed after it took effect. It was held they were *de facto* officers, and that their official acts were valid.

The rule established by the above cases is that if the office has been lawfully established, and a person exercises the functions thereof by color of right, but whose election or appointment thereto is illegal, his official acts therein cannot be successfully attacked in collateral proceedings, but in all such proceedings will be held valid and binding until the officer is ousted by the judgment of a court in a direct proceeding to try his title to the office.

That the municipal court of the city and county of Ashland and the office of judge thereof were in existence when the proceedings against the petitioner were had, cannot be doubted. All of the above cases are direct authority in support of this proposition. They also demonstrate that Judge CALKINS was at the time at least judge *de facto* of such court. We regard the fact quite immaterial that there was no statute authorizing the election of a judge of that court for a term which would include the time between April, 1889, and January, 1890. The same feature is found in each of the above cases. The same rule was also applied in *State v. Bloom,* 17 Wis. 521; *Laver v. McGlachlin,* 28 Wis. 364; *State v. Bartlett,* 35 Wis. 287; *State ex rel. Wood v. Goldstucker,* 40 Wis. 124; *Sprague v. Brown,* 40 Wis. 612; *Cole v. Black River Falls,* 57 Wis. 110; *Baker v. State,* 69 Wis. 32. To these may be added the earlier cases of *Tolle v. Stone,* 1 Pin. 230; *Lask v. U. S.* 1 Pin. 77; *State ex rel. Knowlton v. Williams,* 5 Wis. 308. The only difference between these cases and those first above cited seems to be that in each of them the existence of the office was unquestioned; the controversy being only as to the right of a particular person to exercise its functions. Having determined, in the present proceedings, that the municipal court of the

city and county of Ashland, and the office of judge thereof, were established when these proceedings were taken, these cases also are directly in point on the proposition that Judge CALKINS was at least judge *de facto* of such court when the proceedings were had against the petitioner. In *Van Slyke v. Trempealeau Co. F. M. F. Ins. Co.* 39 Wis. 390, the person whose acts were challenged was not in possession of the office, certain functions of which he had exercised, and did not claim the office. In *Fenelon v. Butts,* 49 Wis. 342, a person exercised an office which had never been lawfully created. Hence there was no such office. It was held that these cases were not within the rule of the *Boyle Case* and other cases above cited, and that the persons whose acts were challenged were not officers *de facto.* The distinction is plain between those cases and the present proceeding.

A rule laid down more than fifty years ago by the territorial supreme court, and constantly approved and applied by this court in so many cases ever since it was organized, should not now be disturbed. Rights of property have vested under those adjudications, and citizens have taken upon themselves the obligations and liabilities of public office on the faith of the rule. It may well be that Judge CALKINS would not have entered upon his office under the executive appointment thereto, the validity of which was in doubt, had he not believed that the settled law of this state, evidenced by so many adjudications, would protect him from liability for his official acts if his appointment should afterwards be held invalid. It would be an unauthorized and most cruel exercise of judicial power to take from him, in this collateral proceeding, the protection upon which he had a right to rely, and that, too, without giving him an opportunity to be heard; thus exposing him to suits for damages by every person whom he caused to be arrested

or committed to prison before the commencement of the term of office to which he was elected. It is eminently proper and just that the rule *stare decisis* should be here applied.

*By the Court.*— The application for a writ of *habeas corpus* is denied, and the petition dismissed.

*L. K. Luse,* Assistant Attorney General, *contra.*