TROGMAN, Respondent, vs. GROVER, Appellant.

*February 9 — February 26, 1901.*

*Constitutional law: Construction of statutes: Presumptions: Justices of the peace* de facto: *Jurisdiction.*

1. In the construction of a statute no presumption arises in favor of either of two purposes in its enactment which are equally in disobedience of the constitutional duty of the legislature.

2. The original charter of a city (ch. 128, Laws of 1887) provided for the election of two justices of the peace, to hold office for two years, and to have the same powers, jurisdiction, etc., as justices of the peace of the several towns. By ch. 22, Laws of 1891, the charter was amended by increasing the number of justices to three, and their term from two to three years, that portion of the charter defining their jurisdiction, however, remaining unchanged. *Held,* that although the legislature is precluded by sec. 15, art. VII, Const., from conferring more than two years' terms upon justices of the peace, and has power, under sec. 2, art. VII, to create municipal courts limited in jurisdiction to the city, with terms of office in discretion, yet, it having no power, by a repeal of the only provision for the election of justices of the peace, to deprive the inhabitants of the city of the right to elect such justices, there is no presumption that the amendment of 1891 was an attempt to create municipal courts; and persons elected, qualified, and acting as justices of the peace under the amended charter are, *de facto* at least, such justices, with jurisdiction accordingly.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Affirmed.*

This was an action of forcible entry and detainer, the premises being situated, and the defendant resident and served, in the town of La Valle, in Sauk county. It was commenced before William Miles, called a justice of the peace, and upon affidavit of prejudice it was transferred, according to the docket of Miles, to "Horace J. Smith, next nearest justice of the peace of the county." It appears that both Miles and Smith had been elected to the office of justice of the peace under the charter of the city of Reedsburg as the same was amended in the year 1891, and were there

resident.    The only question raised is whether the judgment
is void by reason of the alleged fact that Smith and Miles
were not justices of the peace for the county of Sauk.   From
judgment of the circuit court affirming the judgment of the
justice in favor of the plaintiff, the defendant appeals.

For the appellant there was a brief by *Ed. C. Gottry*, and
oral argument by *F. W. Hall*.   To the point that an officer
elected for a term of three years could not be a "justice of
the peace." within the meaning of the constitution, and that
it must be presumed that the legislature intended, by the
amendment of 1891, to create municipal courts with juris-
diction limited to the municipality, they cited *Atkins v.
Fraker*, 32 Wis. 510; *Att'y Gen. v. McDonald*, 3 Wis. 805;
*Zitske v. Goldberg*, 38 Wis. 216, 234; *Jenkins v. Morning*, 38
Wis. 197; *Mathie v. McIntosh*, 40 Wis. 120; *Falk v. Goldberg*,
45 Wis. 94.

*James A. Stone*, for the respondent.

DODGE, J.    The contention here is predicated upon ques-
tions of law.   In 1887 the city of Reedsburg was incor-
porated by ch. 128 of the laws of that year, of which
chapter sec. 5 provided that the officers to be elected by the
people should be a mayor, treasurer, assessor, clerk, two
justices of the peace, and two constables for the city at
large, and three aldermen and one supervisor for each ward.
Sec. 9 provided that all officers except justices of the peace
should hold office for one year, and justices of the peace
"for two years and until their successors are elected and
qualified."    Sec. 153 of the act provided that justices of the
peace should have "all the powers, jurisdiction and duties,
and shall be subject to the same liabilities and regulations,
as are conferred upon and required of justices of the peace of
the several towns of this state."    In 1891, by ch. 22 thereof,
four or five sections of the original charter were amended.
Among others, sec. 5 was amended "so as to read as fol-

lows," the only change being *three* justices of the peace and *three* aldermen.   Sec. 9 was also amended by a substitute " so as to read as follows," the principal change being, " Justices of the peace and aldermen shall hold their offices for three years and until their successors are elected and qualified."   That act further provided for the election of a third justice of the peace at the election in the spring of 1891, and adjustment of terms between the three justices into one, two, and three years, by lot.   Otherwise, at least as to the question before us, the charter remained unchanged. Both William Miles, before whom the action was brought, and H. J. Smith, before whom it was tried, were elected as justices of the peace at large for the city of Reedsburg, and duly qualified as such.   The law required them to qualify by filing oath with the city clerk.

Appellant does not seriously contend but that, if Miles and Smith had been ostensibly elected and qualified as justices of the peace, as that term is used in the constitution and general statutes, and were so acting at the time the suit in question was brought, they would be *de facto* officers, so that their jurisdiction and judgment would not be void. Indeed, this question is so overwhelmingly supported by authority of this court and many others as to make assault upon it futile.  *In re Boyle*, 9 Wis. 264; *In re Burke*, 76 Wis. 357; *In re Radl*, 86 Wis. 645; *McCormick v. Cleveland*, 98 Wis. 522.   But appellant asserts they were not acting as justices of the peace in the ordinary statutory sense, but as some sort of municipal court officers of the city of Reedsburg.   He predicates this contention upon the fact that the legislature, being precluded by sec. 15, art. VII, of the constitution from conferring more than two years' terms upon justices of the peace, but having, by sec. 2, art. VII, the power to create municipal courts limited in their jurisdiction to the city, with terms of office in discretion, it must be presumed that the legislature, in

amending the charter of Reedsburg, intended that which they could do, namely, to establish judicial officers of municipal jurisdiction under the designation "justices of the peace," who, of course, would not have jurisdiction against individuals or property outside of the city limits. *Mathie v. McIntosh*, 40 Wis. 120. The trouble with this argument is that it offers a dilemma, either horn of which convicts the legislature of disobedience of the provisions of sec. 15, art. VII; for, if the amendments to the charter above described have accomplished the purpose of creating new officers under the designation of "justices of the peace" who are not such, then thereby has been attempted to be repealed the old sec. 5, which was the only legislative provision authorizing the electors of the city of Reedsburg to elect constitutional justices of the peace. Such repeal is in contravention of the constitutional command to the legislature. *State ex rel. Wood v. Goldstucker*, 40 Wis. 124. There is no rule of statutory construction which raises any presumption in favor of either of two purposes, both of which are equally in disobedience of the constitutional duty of the legislature.

We are, therefore, left to consider the legislation amending the charter free from presumption as to intent such as appellant contends for. So considered, there cannot be two opinions. Officers theretofore designated as justices of the peace, and declared to have the powers of justices of the peace under general statutes, are continued in existence by name; the only difference being that one more is added, and that their terms are attempted to be enlarged to three years. The portions of the charter defining the jurisdiction of justices of the peace are left in force as before, and can have no application except to these particular officers, for there are no other "justices of the peace" whom the people of Reedsburg are authorized to elect. The conclusion is irresistible that both Miles and Smith had been

elected, and had qualified, and were acting as justices of the peace, and were such *de facto*, whatever may be true as to their *de jure* character,— a question to be raised by *quo warranto* or some other direct procedure, and not by attack on the validity of their judicial acts.

*By the Court.*— Judgment affirmed.