TOM LOFTUS, Chairperson Assembly Committee on Organization
On behalf of the Assembly Committee on Organization, you request my opinion whether a county corporation counsel or an assistant district attorney must take and file an official oath under section 59.13(1), Stats. In my opinion, an official oath is required for a county corporation counsel but is not required for an assistant district attorney.
Section 59.13(1) requires each "county officer" named in chapter 59 to take and file an official oath. It also requires every "deputy" of such an officer to take and file an official oath.
In my opinion, a county corporation counsel is a "county officer" within the meaning of section 59.13(1). The statutes governing county corporation counsel refer to the "office of corporation counsel," sections 59.07(44)(b) and 59.455, and prior opinions of the attorney general do likewise. 63 Op. Att'y Gen. 468, 469 (1974); 70 Op. Att'y Gen. 148, 150 (1981). Moreover, the duties reposing in the office of a county corporation counsel, section 59.456, meet the common law definition of an "office."Martin v. Smith, 239 Wis. 314, 330, 1 N.W.2d 163 (1941). Indeed, where the duties of a county corporation counsel are concurrent with similar duties of a district attorney, an undisputed "county officer" within the meaning of section 59.13(1), such duties are to be performed thereafter by the corporation counsel. Sec.59.04(44)(c), Stats. Consequently, I conclude that a county corporation counsel is a "county officer" within the meaning of section 59.13(1), and therefore is required to take and file an official oath.
In reaching this conclusion, I feel obligated to point out that although a county corporation counsel cannot be considered a dejure officer in the absence of taking and filing an official oath, he or she is a de facto officer if "in possession of [the office], performing its duties, and claiming to be such officer under color of an election or appointment." State ex rel.Reynolds v. Smith, 22 Wis.2d 516, *Page 229 
522, 126 N.W.2d 215 (1964); Burton v. State Appeal Board, 38 Wis.2d 294,304-05, 156 N.W.2d 386 (1968); State ex rel. Schneider v.Darby, 179 Wis. 147, 158, 190 N.W. 994 (1922). The acts of a defacto officer are valid as to the public and third parties, and cannot be attacked collaterally. Burton, 38 Wis.2d at 304-05;Cole v. The President and Trustees of the Village of Black RiverFalls, 57 Wis. 110, 113-14, 14 N.W. 906 (1883).
Although I conclude that a county corporation counsel is a "county officer" within the meaning of section 59.13(1), and therefore must take and file an oath, it is my opinion that an assistant district attorney is neither a "county officer" nor a "deputy" within the meaning of the statute, and therefore need not take and file an official oath. The statutes unambiguously distinguish an assistant district attorney from a district attorney (who is a "county officer" within the meaning of section59.13), and from a deputy district attorney (who is a "deputy" within the meaning of section 59.13). See secs. 59.45-59.47, Stats. Moreover, the enumeration of "deputy" positions in chapter 59 does not mention an assistant district attorney. See secs. 59.16, 59.19, 59.21, 59.365, 59.38, 59.46, 59.50 and 59.59, Stats.
In summary, a county corporation counsel is required to take and file an official oath, but an assistant district attorney is not required to take and file such an oath.
DJH:DCR *Page 230