STATE ex rel. PEACOCK vs. ORVIS.

*Election of sheriff to fill vacancy—Action to try title to office of sheriff—R. S., ch. 160, sec. 6, subd. 4—ch. 7, secs. 5, 14, 15.*

1.   Under subd. 4, sec. 6, ch. 160, R. S., an action against a person exercising the office of sheriff, to try his title to the same, may be brought in the name of the state by a private person on his own complaint, without alleging that the attorney general refuses to act.

2.   In case of the death of a sheriff, the electors take notice thereof, and of the provisions of the constitution and statutes for the election of his successor, and although it is the duty of the under-sheriff, acting as sheriff, in such a case, to order and give notice of the election of sheriff, as required by secs. 14 and 15, ch. 7, R. S., yet his omitting to do so will not render void an election of such officer at the general election next following the creation of the vacancy. R. S., ch. 7, sec. 5.

Action in the nature of *Quo Warranto*, commenced in this court, in January, 1866.

The complaint avers, in substance, that at the general election in *Fond du Lac* county for officers thereof, held November 8th, 1864, one Francis was duly elected sheriff; that he qualified and entered upon the office, and continued therein until June 18, 1865, when he died, and the office became vacant; that while he so held the office, he duly appointed the defendant *Orvis* under-sheriff of said county, and the latter qualified and entered upon said office; that *Orvis* continued after the death of Francis to execute the office of sheriff, except as hereinafter stated; that more than twenty days before the time appointed by law for holding the general election for 1865, defendant was requested by divers qualified electors of said county to notify and order an election for a sheriff, to be held November 7th, 1865, being the day of the general election, but neglected and refused so to do; that the relator thereupon caused it to be publicly announced and made known through the several towns and election districts in said county, that he would be a candidate for the office of sheriff of said county to fill the aforesaid vacancy, at said approaching general election; that said relator was a citizen of the United States and a qualified elector of said county; that at said general election in 1865, there were cast in the several towns and election districts of said county, by the qualified electors thereof, 2,035 votes for the office of sheriff, of which the relator received 2,025, whereby he was elected to said office; that on the 30th of December following, he duly took, subscribed and filed the oath of office prescribed by law for sheriff, filed his official bond, with sureties, as required by law, and the same was approved by the county clerk and the county judge, whereby he became sheriff, &c.; that on or about the 2d of January, 1866, he demanded of the defendant possession of the office, which was refused, &c.

The defendant demurred for defect of parties plaintiff, and no cause of action stated.

*Gillet, Conklin & Pease*, for defendant, contended that in this case the complaint is the complaint of the state, and not that of the relator; yet the state does not complain on the relation of the attorney general, nor does it appear that that officer *refused* to act; and the action therefore does not come under any provision of the statute. R. S., ch. 160, sec. 6. 2. Subdivision 4 of said sec. 6 provides that the action therein described shall be brought "in the name of *the people* of the state," and not in the name of "the state." 3. The complaint alleges that the relator qualified on the 30th of December, 1865, and made demand of the office *on or about* January 2d, 1866. For aught that appears, the demand might have been made prior to the relator's alleged right to the office.

*S. U. Pinney*, for relator, to the point that the people were presumed to know of the vacancy existing in the office of sheriff by reason of the death of sheriff Francis, before the general election in 1865, cited constitution of Wisconsin, art. 4, sec. 6; *Biddle v. Willard*, 10 Ind., 62–68; *Gulick v. New*, 14 id., 98, 103; *Carson v. McPhetridge*, 15 id., 331; *Dishon v. Co. Judge*, 10 Iowa, 217–18; *Beal v. Ray*, 17 Ind., 554; 18 id., 346; *State v. Jones*, 19 id., 356; 1 Greenl. Ev., § 6; *People v. Cowles*, 3 Kern., 350; *People v. Brenham,*, 3 Cal., 477, 491; *People v. Hartwell*, 12 Mich., 508; *People v. Cook*, 14 Barb., 291; *Marchant v. Langworthy*, 6 Hill, 646. 2. The law provides for two kinds of elections, special and general. R. S., ch. 7, secs. 3–7. And when a vacancy occurs in the office of sheriff, which has not been supplied "before the general election next succeeding the happening thereof," it may be supplied at such election. Sec. 5. 3. The neglect of the defendant, acting as sheriff, to comply with the provisions of the law in respect to giving notice of an election of sheriff, cannot defeat the will of the people, expressed in accordance with the law, at the general election. R. S., ch. 7, sec. 107.

DOWNER, J. The demurrer to the complaint must be overruled.

The principal objections to the complaint urged upon the argument are: 1st. That the action should have been brought in the name of the attorney general, or there should have been an allegation that he refused to act. 2d. That there was no notice given as required by law of the election of a sheriff.

Section 6, ch. 160, R. S., provides that the action may be brought in the name of the state by the attorney general upon his own information; also by a private person on his own complaint, "*when the office usurped pertains to a county, town, city or district.*" The office of sheriff, alleged in this case to be usurped, clearly pertains to a county, and the action is rightly brought in the name of the state on the complaint of the relator, without alleging the refusal of the attorney general to act.

The constitution of the state (sec. 4, art. VI) provides that sheriffs shall be chosen by the electors of the respective counties once in every two years, and as often as vacancies shall happen. Section one, art. XIII, provides that the general election shall be holden on Tuesday succeeding the first Monday of November of each year. Thus the constitution provides for and fixes the time of the election of sheriffs. The authorities cited by the counsel for the relator are to the effect that in case of the death of the sheriff, the electors take notice thereof, and of the election fixed by law to elect his successor, without any special notice being given; and that although it was the duty of the defendant, being under-sheriff and acting as sheriff, to order and give notice of the election of sheriff, as required by chapter seven of the Revised Statutes, yet the omission so to do will not render void the election. And there is good reason for so holding; for were it otherwise, it would be in the power of the defendant, by neglecting his duty, to prevent the election of his successor, and thus keep himself in office.

We do not deem it necessary to notice the other points urged upon the argument, as they are obviously untenable.

*By the Court.*—The demurrer is overruled, and leave given to answer within twenty days.