## STATE ex rel. CHASE vs. McKINNEY.

*Election to fill vacancy in county office — Notice.*

Where the fact that a vacancy existed in a county office was not known to any considerable portion of the electors of the county, and no public notice was given before the election, officially or otherwise, that such office was to be filled, and the great body of electors who voted for other officers did not vote for any person to fill said office: *Held*, that the election, as to such office, was invalid.

This was an action (brought in this court) to try title to the office of district attorney for Dane county. The complaint, after reciting the election of one Ball to said office in November, 1868, for the term of two years, the

resignation of said Ball, the acceptance of said resignation, and his removal from the state, in July, 1869, and the appointment of the defendant, *McKinney*, to fill the vacancy thus created, further alleges that the facts of such resignation and removal of Ball, and of the appointment of defendant, were published in said month of July in three newspapers printed and largely circulated in said county; that references to defendant's appointment were several times subsequently published in two of said papers; and that the facts became generally known in said month of July, and continued to be known to the electors of said county; that in November, 1869, a general election was held in said county for various public offices named, including that of district attorney of the county; that the relator, who was a qualified elector of the county, and had been duly admitted and licensed to practice as an attorney by the circuit court of the county, was a candidate at that election for said office, and was duly elected thereto — having received a plurality of the legal votes cast in said county for the office. The complaint then contains the necessary allegations as to the relator's filing his bond and oath of office, his demand upon defendant for the surrender of the office, and defendant's refusal, etc., etc.

The averments of defendant's answer, so far as they are important here, are stated in the opinion, *infra*. The plaintiff demurred to the answer as insufficient.

Article vi, sec. 4, of the constitution of this state provides that "district attorneys" (and certain other officers there mentioned) "shall be chosen by the electtors of the respective counties once in every two years, and as often as vacancies shall happen."

*J. C. Hopkins*, for relator, to the point that the person appointed by the governor to fill a vacancy in the office of district attorney does not hold to the end of the unexpired term, but the vacancy is to be filled by an election, cited sec. 4, art. vi, of the state constitution; R. S. ch.

14, §§ 13, 74, 87 ; ch. 7, § 5 ; Laws of 1867, ch. 70, §§ 3, 5 ; *Attorney General ex rel. Schantz v. Brunst*, 3 Wis. 787. 2. As to the legality of the relator's election, he cited *State ex rel. Peacock v. Orvis*, 20 Wis. 235 ; 22 id. 363 ; 10 Ind. 68 ; 14 id. 99 ; *People v. Hartwell*, 12 Mich. 508 ; *State ex rel. Ames v. Southwick*, 3 Wis. 366.

*S. U. Pinney*, for respondent, contended that while an election, in which the electors had actually expressed their choice, would be held good, although there was no formal notice such as was prescribed by the statute, yet none of the cases go so far as to hold that there can be a valid election where the body of electors have no knowledge or notice *in fact* that the office is to be filled ; and he cited and commented on *State ex rel. Peacock v. Orvis*, 20 Wis. 235 ; 3 Kern. 350 ; *People ex rel. McKune v. Weller*, 11 Cal. 49 ; *People v. Hartwell*, 12 Mich. 508 ; *Foster v. Scarff*, 15 Ohio St. 137, 532 ; 22 Wis. 368 ; *Biddle v. Willard*, 10 Ind. 62 ; 15 id. 331 ; *State ex rel. Seal v. James*, 19 id. 358 ; *Dishon v. Smith*, 10 Iowa, 218 ; *Marshall v. Kerns*, 2 Swan, 70 ; *Beal v. Ray*, 17 Ind. 555. It has been held in several cases, that the mere failure to give notice invalidated the election, even where a full vote was cast. *People v. Porter*, 6 Cal. 26 ; *People ex rel. McKune v. Weller*, 11 id. 49 ; *People ex rel. Westbrook v. Rosborough*, 14 id. 180. 2. The constitutional term of office of a district attorney (as of certain other officers) is two years (Const. art. 6, sec. 4; *Attorney General v. Brunst*, 3 Wis. 787), and one elected to that office, though to fill a vacancy, will hold for that period of time. By sec. 13, ch. 14, R. S., it was provided, that, where there was no officer duly authorized to execute the duties of such office, some suitable person might be appointed to perform them "*for the time being.*" In this way very inconvenient disarrangements of the terms of office of the several county officers in different counties were brought about. In the Brunst case, the court stated that these results might be obvi-

ated, in such cases, when vacancies occurred, "by allowing them to be filled by appointment until the time when a successor would be elected in the usual course." Pursuant to this suggestion, ch. 90, Laws of 1864, amended the section above cited, by substituting for the words, "for the time being," the words, "to fill such vacancy," clearly indicating an intention that the appointee should hold during the remainder of the unexpired term. The respondent was appointed under this law, and no election of his successor could be held in November, 1869.

COLE, J. We are of the opinion that the demurrer to the answer must be overruled. It appears from the pleading, that one Farlin Q. Ball, at the general election in November, 1868, was elected to the office of district attorney for Dane county for the term of two years from the first Monday in January, 1869. Ball duly qualified, and entered upon the discharge of the duties of the office, and continued to exercise the same until the 16th of July, 1869, when he resigned. The respondent was thereupon appointed to fill the vacancy caused by the resignation of Ball.

For the purpose of disposing of the question arising upon the demurrer, we shall assume that the law is such that the respondent could only continue to exercise the duties of the office to which he was appointed until the vacancy was filled by an election. This point was controverted on the argument by the counsel for the defendant; but, without deciding the question whether the appointee holds, under such circumstances, for the unexpired term, we shall assume that he could not. And yet we are entirely satisfied that the answer shows that no legal and valid election has ever taken place to supply the vacancy.

In the first place, it appears by the answer that the fact even of the resignation of Ball and the appointment of the respondent was not known or understood to any

considerable extent in Dane county, or by any consider-
able portion of the electors thereof, until after the elec-
tion held in November; in other words, that the exist-
ence, even, of a vacancy in the office of district attorney
was not, in fact, known generally to the electors of the
county until after the election. Furthermore, it incon-
testably appears from the answer, that no notice what-
ever was given that a district attorney was to be chosen
at that election, either by the posting of the notices of
the election by the officers whose duty it was to post
them, or by the newspapers, or in any other manner;
and the great body of the electors of the county voted
for other officers, but cast no votes for district attorney,
because they did not know that one was to be elected.
As a consequence, in a county consisting of forty-one
election districts, in which 7,129 votes were cast for other
officers, there were cast for the relator 149 votes in five
of the election districts; in thirty-six districts no votes
being cast for district attorney. Now, under these cir-
cumstances, it seems to us impossible to say that there
has been any valid election for district attorney such as
the law contemplates. Certain it is, that the great mass
of the electors of the county have exercised no choice
as to who should fill the office of district attorney. No
official notice, nor any other kind of notice, was given
that a vacancy existed in that office, which they were
required to supply at the election. It is obvious, there-
fore, that there has been no expression of the will of the
electors as to who should fill the vacancy. In the case
of *State ex rel. Peacock v. Orvis,* 20 Wis. 235, it was
decided that the failure on the part of the under-sheriff
to give the statutory notice of the election of sheriff, as
required by statute, would not render void the election.
But in that case it appeared that notice in fact of the
election was brought home to the great body of the
electors. For it was alleged in the complaint, that the
under-sheriff was requested by divers qualified electors

of the county to give official notice of the election of sheriff at the general election to be held in November, 1865 ; and, upon his neglecting to comply with the request, "the relator thereupon caused it to be publicly announced and made known through the several towns and election districts in said county, that he would be a candidate for the office of sheriff of said county to fill the aforesaid vacancy." Notice, then, in fact, of the election was given in that case, though not the one which the law prescribed. But where, as in this case, no notice whatever of the election was given, either by the proper officer, or by the public press, or in any other manner, and the great body of the electors cast their votes in utter ignorance of the fact that a district attorney was to be chosen at that election, to hold that the very incon·siderable number of votes cast constituted a valid election for the office of district attorney, would be going further than any adjudicated case to which we have been referred has yet gone ; and further, we think, than the law or public policy will allow. *State ex rel. Lutfring v. Goetze*, 22 Wis. 363.

*By the Court.*—The demurrer to the answer is overruled.