The State ex rel. Holt Lumber Co. vs. Bellew.

THE STATE EX REL. HOLT LUMBER COMPANY, Respondent, vs. BELLEW, Appellant.

*September 29 — October 17, 1893.*

(1) *Taxation: Sawlogs, where to be assessed.* (2) *Constitutional law: Uniformity in rule of taxation.* (3) *Jurisdiction of taxing officers: Estoppel.* (4) *Certiorari: Costs against city clerk.*

1. Under sec. 2, ch. 473, Laws of 1891, all sawlogs cut within six months prior to April 1st were to be assessed in the assessment district in which they were banked or piled, except logs which were to be sawed or manufactured in a mill in this state owned by the owner of such logs; and such logs could be brought within the operation

The State ex rel. Holt Lumber Co. vs. Bellew.

of the exception only by a strict compliance with the proviso following the exception in said section.

2. Said act, so construed, was not in violation of sec. 1, art. VIII, Const., which provides that "the rule of taxation shall be uniform;" nor was it invalid because under it the owner might determine in what district his property should be taxed.

3. The fact that the owner of logs banked in one district listed them for taxation in another district in which his mill was located, did not give the taxing officers of the latter district jurisdiction over such logs if the affidavit and statement required by the proviso in said section were not filed with the assessor of the district in which the logs were banked; nor was the owner estopped thereby to assert the invalidity of the assessment of the logs in the district where they were so listed.

4. Where, upon a writ of *certiorari* directed to a city clerk, an assessment of certain property for taxation was held unlawful, costs were properly awarded against the clerk.

APPEAL from the Circuit Court for *Oconto* County.

This was a writ of *certiorari* to the clerk of the city of Oconto, to remove to the circuit court of that county the assessment of property, real and personal, of the said *Holt Lumber Company* in said city, and all statements, records, exhibits, evidence, and other matters used before the board of review, touching said assessment, to the end, among other things, that the assessment of 16,483,841 feet of sawlogs cut and banked by the relator in the town of Armstrong in said county, assessed and equalized at $4.50 per thousand, to wit, $74,177.28, be stricken from the assessment of the relator's personal property in Oconto for the year 1892.

It appeared from the return to the writ that the relator was a corporation engaged in the manufacture and sale of lumber at the city of Oconto, where its mills are located, and that it obtains its supply of logs for manufacture from different localities in Oconto and Marinette counties, and in part from the town of Armstrong in the county of Oconto; that during six months preceding April 1, 1891, it banked

23,000,000 feet of pine sawlogs, intended to be manufact-
ured at its mill in the city of Oconto, of which amount
16,483,841 feet were cut and banked in the town of Arm-
strong. On or about the 13th of June, 1891, it made and
delivered to the assessors of the city of Oconto a statement
of its personal property for taxation, in which was included
the relator's entire stock of sawlogs for manufacture, in-
cluding those cut and banked in the town of Armstrong,
but failed to file, on or before the 15th day of June in that
year, with the assessor of the town of Armstrong, where
such logs had been banked and piled for shipment, an affi-
davit showing that it was the owner or owners of such logs,
and that they were to be manufactured in its mill located
in Oconto and operated by it, with a verified statement of
the assessors of Oconto that the said logs were listed with
them for assessment and assessed to the relator, giving the
quantity of said logs so assessed; but by mistake, instead
of the original affidavit and verified statement, left unsigned
copies thereof, not showing that the originals had been
verified or sworn to, at the house of the assessor, in his ab-
sence, on the 15th day of June, 1892.

The defendant moved to quash the writ of *certiorari*, and
this motion was heard in connection with the merits as
shown by the return. The main question was whether the
said sawlogs were lawfully assessed to the relator in Oconto,
as shown by the return. The circuit court made an order
striking from the assessment of the relator's taxable prop-
erty in Oconto for the year 1892 the 16,483,841 feet of saw-
logs so assessed and equalized at $74,177.28, and gave judg-
ment against the defendant, with $46.42 costs, from which
the defendant appealed.

For the appellant there was a brief by *Fairchild & Fair-
child*, and oral argument by *H. O. Fairchild*. They con-
tended, *inter alia*, that the judgment for costs against the
city clerk should be reversed. The writ was directed to

him merely because he had in his possession the records and proceedings of the board of review. *Milwaukee Iron Co. v. Schubel,* 29 Wis. 444. The costs, if any, should have gone against the city, and not against the clerk. *Oshkosh v. State ex rel. Perkins,* 59 Wis. 425; *Wiesmann v. Brighton,* 83 id. 550.

For the respondent there was a brief by *Greene & Vroman,* and oral argument by *Geo. G. Greene.*

PINNEY, J. 1. The principal question in this case depends upon the construction to be placed upon sec. 2, ch. 473, Laws of 1891, amending sec. 1040, R. S., and the several acts amendatory thereof, relating to the assessment of taxes, and concerning the place where personal property shall be taxed. The act of 1891 appears to be a revision and amendment of previous legislation in respect to the district in which personal property shall be assessed and taxed. The particular section in question declares that: *"All sawlogs . . .* cut in this state within six months prior to the first day of April of any year shall be assessed in the assessment district where the same shall be banked or piled for driving or shipment either by water or railroad, *except* that sawlogs and timber which are to be sawed or manufactured in any mill within this state, which is owned by the owner of such logs or timber, shall be assessed as manufacturer's stock *in the district where such mill may be located; provided* such owner or owners shall, on or before the 15th day of June of each year, file with the assessor in the assessment district where such logs are banked or piled as aforesaid, an affidavit showing that he is, or they are, the owner or owners of such logs or timber, and that said logs and timber are to be manufactured at a mill located within this state, owned and operated by him or them, giving the location and assessment district in which said mill is located, together with a verified state-

ment of the assessor of the district in which said mill is located, that said logs or timber are listed with him for assessment and assessed to such owner or owners, giving the quantity of such logs and timber so assessed."

As already observed, the act of 1891 is a revision and amendment of all previous acts on the subject of the assessment and taxation of sawlogs. The act makes the *situs* of *all* sawlogs cut and banked within six months before the 1st of April in any year, for assessment and taxation, the assessment district where the same shall be banked or piled for shipment, etc.; and this general declaration is subject to only one exception, as above stated, and such sawlogs are brought within the operation of the exception in the act only by complying with the terms of the proviso following the exception. The place of assessment and taxation of the logs in question was primarily in the town of Armstrong, where they had been banked and piled for shipment. They might conditionally be assessed as manufacturer's stock in Oconto,— that is to say, if they were to be sawed or manufactured in any mill owned there by the relator, the owner of the logs,— provided the specified affidavit and verified statement were filed with the assessor of the said town of Armstrong, where they were banked or piled for shipment, within the time prescribed by the act. Until then the property was to be regarded simply as sawlogs assessable in the town of Armstrong, but if the proviso annexed to the exception was complied with, then, for the purposes of assessment and taxation, the logs obtained thereby the character of manufacturer's stock, and another *situs* for the purpose of assessment and taxation.

The statute in question was plainly intended to change the law as it had existed since 1872, and remedy a defect in it. Prior to the act of 1891 the assessor of a town where logs, etc., had been banked and piled for shipment had to judge, as best he might, whether they were intended for

sale in the general market, or for manufacture in some mill in the state, owned by the owner of the logs; and in like manner the assessor of the assessment district where such mill was situated had to exercise a very uncertain judgment as to what quantity of logs, and what logs belonging to its owner, had been banked and piled in other districts to be shipped to and manufactured in such mill. By reason of a want of information and means to form a correct judgment, large quantities of property might be assessed in the wrong district, or wholly escape assessment and taxation. ·

The law is a very plain and just one, and easy of execution. As to logs designed to be manufactured in this state in a mill owned by the owner of the logs, on filing the affidavit of the owner and the verified statement of the assessor of the district in which the mill is situated, the assessment in such district becomes absolute, and any assessment of the same logs in the town where banked or piled for shipment is superseded and vacated. Giving the act.this construction, the owner of the logs is protected against double assessment, and it is made reasonably certain that the logs will not escape taxation. It is a forced and unnatural construction to say that logs to be sawed or manufactured in any mill in this state owned by the owner of such logs are primarily assessable in the district where such mill is situated. Such logs are excepted out of the provision which makes *all* logs banked and piled in any other district for shipment subject to assessment therein; but such exception is upon condition, and until the. condition is performed the operation of the rule which makes them assessable in the district where banked or piled for shipment applies, and the only way in which the jurisdiction of the taxing officers of the town of Armstrong could be defeated, and jurisdiction conferred on the taxing officers of Oconto, was by a strict compliance with the proviso,

which is a substantive part of the exception contained in the act. This proviso, it is clear, was not intended to have a broader operation, or to make logs designed to be manufactured as specified in the act primarily assessable in the district where the mill of the owner is situated. "There is no rule of construction more reasonable, and none better settled, than that special provisions of a statute in regard to a particular subject will prevail over general provisions in the same or other statutes, so far as there is a conflict. This rule is thus stated in Dwar. Stats. 658: 'Where a general intention is expressed, and the act also expresses a particular intention incompatible with the general intention, the particular intention is to be considered in the nature of an exception.'" *State ex rel. Lutfring v. Goetze,* 22 Wis. 365. But it is obvious that the exception can operate and be effective only according to its terms, of which the proviso in this case is an inseparable part. A proviso " is a limitation or exception to a grant or authority conferred, the effect of which is to declare that the one shall not operate, or the other be exercised, unless in the case provided." Sedg. Stat. Const. 49; *Voorhees v. Jackson ex dem. Bank of U. S.* 10 Pet. 449; *Wayman v. Southard,* 10 Wheat. 1, 30. The natural and appropriate office of a proviso being to restrain or qualify some preceding matter, it should be confined to what precedes it, unless it clearly appears to have been intended to apply to some other matter. It should be construed with reference to the immediately preceding parts of the clause to which it is attached, and will be so restricted, in the absence of anything in its terms, or the subject it deals with, evincing an intention to give it a broader effect. Suth. Stat. Const. § 223, and cases cited.

2. It is essential to the exercise of the power of taxation that the state shall be divided into taxing districts, and property into classes, and it is enough that the rule of taxation as to each class shall be uniform. *Green Bay & M.*

*Canal Co. v. Outagamie Co.* 76 Wis. 588; *Wis. Cent. R. Co. v. Lincoln Co.* 57 Wis. 142. We see no reason to think that the statute, as we have construed it, is violative of the uniform rule of taxation prescribed by the constitution. Whether it is a wise provision or not is not a judicial question; that question is wholly a legislative one. We do not consider that the objection that the relator had it in its power to determine under the law in what district the property in question should be taxed is available. By change of residence, or of location of property having a certain character, a similar power has always been open to the owner. The objection goes only to the wisdom, and not to the validity, of the act.

3. As we hold that the assessment of the logs in Oconto could not become operative in law until the prescribed affidavit and statement had been filed with the assessor of the town of Armstrong, so as to oust the taxing officers of that town of jurisdiction over the property, and as it would be unreasonable to construe the statute as permitting double assessments, we think it entirely clear that the taxing officers of Oconto never acquired jurisdiction over the logs to assess and tax them. The relator could defeat the jurisdiction of the taxing officers of the town of Armstrong only by complying with the law. The copy of the affidavit filed with the assessor did not show or indicate that the original had been signed or sworn to, but rather the contrary; and the same is true of the statement of the assessors of Oconto. The statute must be strictly complied with, in order to give the taxing authorities of Oconto jurisdiction. The papers filed, for the reasons stated, were mere nullities, and it is fairly to be presumed that the taxing officers of Armstrong proceeded to do their duty and to assess and tax the property. We do not think any case is presented on the ground of estoppel to subject the relator's property to assessment and taxation in Oconto, and

possibly to double taxation. The taxing officers of Oconto were chargeable in law with notice that their jurisdiction depended upon the necessary affidavit and statement being seasonably filed with the assessor of Armstrong, and it does not appear that the relator made any untrue statement or representation on that or any other material point, or that he in any way misled the taxing officers of the city of Oconto.

4. There was no error in awarding costs against the defendant. R. S. sec. 2926; *State ex rel. School Dist. v. Wolfrom*, 25 Wis. 476.

We find no error in the judgment appealed from.

*By the Court.*— The judgment of the circuit court is affirmed.