402      SUPREME COURT OF WISCONSIN.      [MAY

State ex rel. Heim v. Williams, 114 Wis. 402.

THE STATE EX REL. HEIM, Appellant, vs. WILLIAMS, Respondent.

*April 23—May 13, 1902.*

Quo warranto: *Action by private person: Judge of superior court: Elections.*

1. Where the attorney general has refused to bring an action of *quo warranto* to try title to an office, a private person cannot maintain the action on his own complaint, under sec. 3466, Stats. 1898, unless he is entitled to the office, since, under sec. 3463, the proceeding is a "civil action," and therefore, under sec. 2605, must be prosecuted in the name of the real party in interest.

2. Where there was no law authorizing an election for a certain office at an annual spring election, the fact that at that election a number of electors cast ballots for the relator for such office and he received a majority of the votes so cast, does not constitute an election of him to the office, even though there was a vacancy in the office and the legislature had failed in its constitutional duty to provide for an election to fill such vacancy.

3. A private relator who has no right to maintain an action to try title to an office is not aggrieved by a judgment adjudging the respondent entitled thereto.

APPEAL from a judgment of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

At the time of the regular spring election in April, 1897, George E. Sutherland was elected judge of the superior court of Milwaukee county for a full term of six years from the first Monday in May, 1897, under sec. 4, ch. 67, Laws of 1891, creating an additional superior judge of said court. He died in September, 1899. The governor appointed the respondent, *Orren T. Williams,* "judge of the superior court of Milwaukee county, *vice* George E. Sutherland, deceased, to execute and fulfill the duties of that trust for the residue of the term for which said Sutherland was elected, being the term of six years from the first Tuesday in May,

1897," under which appointment the respondent has exercised and is exercising the powers and privileges of that office. More than twenty days before the 3rd day of April, 1900,—the day for municipal and town elections through the state,—the relator demanded of the secretary of state, and also of the county clerk of Milwaukee county, that they give notice of an election for the office of judge of said court to fill the vacancy caused by the death of Sutherland. He also filed with the county clerk a nomination paper signed by the requisite number of electors of Milwaukee county, designating him as a candidate for that position at an election to be held on that day, and demanded that his name be placed on the official judicial ballots, and that other steps be taken necessary to the holding of an election for such an office. All such demands were refused. The fact of his candidacy was unofficially commented upon and communicated to the public through the medium of the public press of Milwaukee. On the 3rd day of April a large number of persons, stated in the relation at several thousand, cast votes for the relator for that office, constituting, as alleged, a majority of all the votes cast at said election for said office. The inspectors of election made return of 226 votes for him, and all others were returned uncounted as defective ballots. His demands for canvass of the votes and issue of a certificate of election were refused, but on the 2d day of May he filed in the office of the clerk of the circuit court for Milwaukee county his oath of office as judge of the superior court. By virtue of such facts the relator claimed title to said office, and, having demanded that the attorney general institute *quo warranto* against the sitting judge, and been refused, he brought this action in the name of the state of Wisconsin on his complaint in the circuit court for Milwaukee county, praying the ouster of *Williams* and judgment that the relator is entitled to the office and be admitted to the same. Answer being made by the defendant, the action came on for trial, and, except for

proof of the title of the defendant in accordance with the facts above stated, all evidence under the relation was excluded, and verdict directed for the defendant, and judgment dismissing the action and declaring defendant's title to the office good until May 1, 1903, was entered, from which the relator appeals.

*H. L. Eaton,* for the appellant.

For the respondent there was a brief by *Timlin, Glicksman & Conway, Geo. L. Williams,* and *A. H. Blatchley,* and oral argument by *W. H. Timlin.*

Dodge, J.    The title of the respondent to the office he occupies is assailed on the ground that his appointment thereto by the governor, to hold for the residue of the unexpired term of his deceased predecessor, is invalid, for the reason that it, and the only act of legislature authorizing it, are prohibited by the provision of sec. 2, art. VII, of the constitution, requiring that:

"The legislature shall provide as well for the *election* of judges of the municipal courts as of the judges of inferior courts, by the qualified electors of the respective jurisdictions.    The term of office of the judges of the said municipal and inferior courts shall not be longer than that of the judges of the circuit courts"

The act of legislature under which the governor acted in this appointment is sec. 1, ch. 24, Laws of 1889, providing that in case of vacancy in the office of judge of the superior court of Milwaukee county "the governor shall appoint a judge of said superior court, and the person so appointed shall hold for the residue . . . of the term." Hence the power of the legislature, if it has any, has been exercised to authorize the appointment in the present case. The question thus presented is an interesting one. It may not be easy to justify the appointment of a judge for substantially a whole term, or, indeed, for any part thereof longer than is

consistent with an orderly and convenient system of elections, in view of the express command of the constitution that such judges shall be elected by the people, unless, indeed, the constitution should be deemed to have received construction in the enactment of a similar statute with reference to county judges as early as ch. 60, Laws of 1859, the validity of which in this aspect has remained unquestioned ever since, its general validity having been affirmed in 1864 in *State ex rel. Finch v. Washburn,* 17 Wis. 658; the immediate question, however, not having been raised. It is, however, a cardinal rule of propriety with courts that they should not unnecessarily question or deny the constitutionality of an act of the legislature. Cooley, Const. Lim. (6th ed.), 196. In deference to this rule, we must dispose adversely of more than one of respondent's contentions which are preliminary to the question of his title, before we can properly inquire into the validity of the legislation on which that title rests. First among these is the right of the relator to maintain this action. Of course, if the respondent has no lawful title to the office of judge, the public generally may be interested in inquiring by what right he holds it, and in excluding him from its exercise. That was, and doubtless still is, the primary function of both the writ of *quo warranto* and of an information in the nature of *quo warranto* when the same is filed by public officers or in behalf of the public. But our statute has recognized or created an additional province for such a suit by providing (sec. 3466, Stats. 1898): "Such action may be brought in the name of the state by a private person on his own complaint when the attorney general refuses to act." Under that statute it has been provided (sec. 3463) that the proceeding is by "civil action," thus making it subject to sec. 2605: "Every action must be prosecuted in the name of the real party in interest;" or, to transpose the idea, that a party, in order to prosecute, must have a real interest in the object to be accomplished. *State ex rel. Peacock v. Orvis,* 20 Wis.

235; *State ex rel. Chase v. McKinney,* 25 Wis. 416; *State ex rel. Wood v. Baker,* 38 Wis. 71, 81; *State ex rel. Att'y Gen. v. Cunningham,* 81 Wis. 440, 471, 487, 51 N. W. 724; *State ex rel. Glenn v. Stein,* 13 Neb. 529, 14 N. W. 481; *Att'y Gen. ex rel. Lawrence v. Trombly,* 89 Mich. 50, 58, 50 N. W. 744. The relator, though using the name of the state to sue, neither alleges nor claims any but a private interest. He does not assume to champion the rights of the public, which would be presented were the attorney general here present on behalf of the state, but predicates his right to sue wholly upon his title to the office. If he has not such title, then he has no interest in a judgment ousting the respondent from the office, save such as is common to all citizens or members of the community. That title is denied, and therefore becomes the first subject for inquiry and decision.

Relator's only claim to the office is based upon election thereto, claimed to result from the fact that certain electors of Milwaukee deposited in certain ballot boxes ballots designating him as their choice for the office in question, and that they exceeded in number those who cast ballots for any one else for that office. Under our form of government, an election, to have effect as declaring the will of the people, is a creature of law. Unless authorized by law as such, the ballots constitute merely voluntary expressions of individual opinions. It is true that, when an election is authorized at specified time and place, the votes then cast may bind the community, though the exact method of calling, noticing, or conducting the election may have been disobeyed (*State ex rel. Peacock v. Orvis,* 20 Wis. 235; *State ex rel. Bruce v. Davidson,* 32 Wis. 114, 120), but only when, in advance, the law has given such authority (*People ex rel. Fuller v. Palmer,* 91 Mich. 283, 288; *Brewer v. Davis* (Tenn.)` 9 Humph. 208). Appellant has not succeeded in pointing out any provision of law authorizing an election for the office of judge of the superior court of Milwaukee county on April

State ex rel. Heim v. Williams, 114 Wis. 402.

3, 1900, nor have we found any. The constitution desig-
nates no time for holding any but the general elections on a
specified day in November. The legislature has made pro-
vision for holding elections for various officers, including
justices of the supreme courts and circuit judges, both for
full terms and to fill vacancies, but none of such laws relate
to the office in question, except sec. 4, ch. 67, Laws of 1891,
which provides, "An additional judge shall be elected on the
first Tuesday of April, A. D. 1891, and every six years there-
after," to wit, April, 1897, and April, 1903. If, under the
constitutional requirement that it provide for the election of
such judges, the duty is cast upon the legislature to provide
for elections to fill vacancies, still that requirement is not
self-executing. It does not fix a time. Neither does the fail-
ure of the legislature to obey transfer either the duty or
power so imposed to the relator nor to any collection of elec-
tors. To summarize, therefore, there is no law authorizing
an election for the office in dispute on the day when certain
electors cast ballots for relator, and, however creditable such
action as an expression of esteem and confidence from the
individual voters, it cannot constitute an election of him by
the people of Milwaukee county. Hence he has not shown
that he has any title to the office now occupied by respondent,
nor any interest to inquire by what right the latter holds it.
The judgment dismissing the action is clearly correct, and
that portion which adjudicates *Judge Williams's* title,
whether correct or not, does not aggrieve appellant. We
therefore need not consider any of the other preliminary
questions, nor the power of the legislature to authorize ap-
pointment by the governor.

   *By the Court.*—Judgment affirmed.