State ex rel. Harley v. Lindemann, 132 Wis. 47.

---

STATE EX REL. HARLEY, Appellant, vs. LINDEMANN and others, Respondents.
SAME, Respondent, vs. SAME, Appellants.

*February 23—May 21, 1907.*

Quo warranto: *Who may bring action to oust school directors: Constitutional law: Special legislation: Classification of cities: School officers, by whom to be elected or appointed.*

1. Under sec. 3466, Stats. (1898), a citizen, resident, elector, property owner, and taxpayer of a city, who has children in the city public schools and a direct and pecuniary interest in the mat-

ter, may bring an action in the name of the state on his own complaint to oust persons assuming to act as the board of school directors of that city.

2. Ch. 273, Laws of 1905, providing that the public schools in every city of the first class shall be under the general management and control of a board of twelve school directors chosen from the city at large, is not unconstitutional on the ground that it is special legislation or that it is an improper classification of cities.

3. Ch. 273, Laws of 1905, providing for the appointment by the circuit judges of members of the board of school directors in every city of the first class until their successors should be elected, is in contravention of sec. 9, art. XIII, Const., in that it takes from the electors of the city the right to elect such members and confers the power to appoint them upon persons who are not authorities of the city.

APPEALS from an order of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Affirmed in part; reversed in part.*

The relator, as citizen, resident, property owner, and tax-payer in the city of Milwaukee, and as a father of children who are pupils in the public schools of that city, brings this action in the name of the state to oust the twelve defendants, assuming to act as and for the board of school directors of the city of Milwaukee, and who were appointed as such under and by virtue of and pursuant to ch. 273, Laws of 1905, by the then three judges of the circuit court of the Second judicial circuit, composed of the county of Milwaukee alone, and to have said defendants and all of them adjudged guilty of usurping, intruding into, and unlawfully holding said office as members of the said board of school directors for said city, and to have them and each of them excluded from acting as members of said board and the privileges and franchises thereof. To the complaint in said action the defendants, except *Thomas J. Pereles,* demurred, and assigned eight specific grounds of demurrer, the first seven of which relate to the jurisdiction of the court, the capacity of the relator to main-tain the action, and defect of parties, all of which were over-ruled by the court, and from that part of the order overruling

State ex rel. Harley v. Lindemann 132 Wis. 47.

the same the defendants referred to appeal. The eighth ground of demurrer specified is that the complaint does not state facts sufficient to constitute a cause of action, and the same was sustained by the court, and from that part of the order sustaining the same the plaintiff appeals. ;

A. C. *Umbreit,* for the plaintiff.

For the defendants there was a brief by *John T. Kelly* and *Benjamin Poss,* attorneys, and *James G. Jenkins,* of counsel, and the cause was argued orally by *Mr. Poss.* They contended, *inter alia,* that sec. 3466, Stats. (1898), authorizing the action to be brought by a private person, should be construed to give such right only to a person claiming the office in question. It was not the legislative intention to enable private persons to interfere with purely public rights, over which the state had control, and in which the private person has no special interest, other than that common to all members of the community. High, Extr. Leg. Rem. § 700; *Comm. ex rel. McLaughlin v. Cluley,* 56 Pa. St. 270; *Vrooman v. Michie,* 69 Mich. 42; *State ex rel. Glenn v. Stein,* 13 Neb. 529, 14 N. W. 481; *Linden L. Co. v. Milwaukee E. R. & L. Co.* 107 Wis. 493; *People ex rel. Jones v. N. C. R. Co.* 88 Ill. 537; *State ex rel. Wetzel v. Tracy,* 48 Minn. 497, 51 N. W. 613; *Robinson v. Jones,* 14 Fla. 256. School directors are not city officers, within the meaning of the second sentence in sec. 9, art. XIII, Const., but come within the designation "all other officers," etc., in the third sentence of that section; and therefore that section is not infringed by the act in question.

The following opinion was filed March 19, 1907:

CASSODAY, C. J. 1. The appeal on the part of the defendants brings before us for review the question whether this action can be maintained by the relator in the name of the state. The statute applicable declares:

"An action may be brought by the attorney general in the name of the state, upon his own information or upon the com-

plaint of any private party, against the parties offending:
. . . (1) When any person shall usurp, intrude into or un-
lawfully hold or exercise any public office, civil or military.
. . . Such action may be brought in the name of the state
*by a private person* on his own complaint when the attorney
general refuses 'to act *or when* the office usurped *pertains* to
a county, town, *city,* village or *school district."* Sec. 3466,
Stats. (1898).

It is admitted by the demurrer that the relator is a citizen
and resident of the city of Milwaukee; that he is of full age
and an elector of that city; that he is a property owner and
taxpayer of that city, and that he has children who are pupils
in the public schools of that city; and that he has a direct and
pecuniary interest ·in the matters and things alleged in the
complaint. There can be no question but that the offices al-
leged to have been usurped are public offices and pertain to the
city of Milwaukee and the .public schools therein, within the
meaning of the statute quoted. Upon the facts thus admitted
it is well settled that the relator may rightfully maintain this
action in the name of the state. *State ex rel. Ackerman v.
Dahl,* 65 Wis. 510, 27 N. W. 343; *State ex rel. Nelson v.
Mott,* 111 Wis. 19, 22, 86 N. W. 569; *State ex rel. Heim v.
Williams,* 114 Wis. 402, 90 N. W. 452; *Fordyce v. State ex
rel. Kelleher,* 115 Wis. 611, 92 N. W. 430; *State ex rel.
Weinsheim v. Leischer,* 117 Wis. 475, 477, 478, 94 N. W.
299.

2. The eighth ground of demurrer is that the complaint
does not state facts sufficient to constitute a cause of action.
In deciding that question the trial judge stated that it called
"for a decision upon the constitutionality of ch. 273, Laws of
1905 ;" that he "believed said act to be unconstitutional, but
that because of the existence of a reasonable doubt . . . as to
the correctness of such opinion," he would treat the act as a
valid law and sustain the demurrer on that ground. The act
in question purports to place "the public schools in every city
of the first class" (Milwaukee) "under the general manage-

ment, control, and supervision of a board of school directors, consisting of twelve members from the city at large, selected" as therein provided. Sec. 1, ch. 273, Laws of 1905. The act further provides that before July 1, 1905, "the circuit judges of the judicial circuit in which such city is situated shall meet, and shall appoint twelve members of the board of school directors;" to hold their respective offices for the periods therein prescribed. Sec. 3, ch. 273, Laws of 1905. The manifest purpose of the act was to take the public schools of the city of Milwaukee out from under the control of the city and place them "under the general management, control, and supervision of a board of school directors" appointed as indicated. The validity of the enactment is assailed on several grounds. We perceive no good reason for holding the act unconstitutional on the ground that it is special legislation or that it is an improper classification of cities.

The constitution declares:

"All county officers whose election or appointment is not provided for by this constitution shall be elected by the electors of the respective counties, or appointed by the boards of *supervisors or other county authorities,* as the legislature shall direct. *All city, town and village officers* whose election or appointment is not provided for by this constitution shall be elected *by the electors of such cities,* towns and villages, or of some division thereof, *or appointed by such authorities thereof* as the legislature shall designate for that purpose." Sec. 9, art. XIII, Const.

In construing these provisions of the constitution this court held, long ago, that "all village officers must be elected by the electors of the village, or appointed by some village authority." *Cole v. Black River Falls,* 57 Wis. 110, 118, 14 N. W. 906. In the opinion of the court by Mr. Justice TAYLOR in that case it is strongly intimated, if not held, that such power of appointment could not be vested in any village authority which had not been brought into existence by an election by the electors of the village. In a later case it was held that an

act of the legislature attempting to extend the term of office of the city attorney of Milwaukee from two to four years was void; and it was there said by the late Justice NEWMAN, speaking for the whole court, that:

"The words of the provision are so plain, and its intention is so obvious, that it does not seem to admit of construction. The idea which the words express on their face is the law. All city officers must be elected by the electors of the city, or they must be appointed by some officer or other authority of the city which has been theretofore designated by the legislature for that purpose." *State ex rel. Hamilton v. Krez,* 88 Wis. 135, 138, 59 N. W. 593.

This court has more recently held that the provision of the constitution quoted "prohibits the legislature from interfering in any way with the question of what person shall hold any office in any city in this state of a character known at the time of the adoption of the constitution, *whether then known* by the same name as subsequently or not, and limits all power in that regard to the electors of the particular locality interested, to be exercised directly or by some municipal agency selected directly or indirectly by them." *O'Connor v. Fond du Lac,* 109 Wis. 253, 264–269, 85 N. W. 327, citing numerous New York cases, from which state that constitutional provision was borrowed. See, also, *State ex rel. Jameson v. Denny,* 118 Ind. 382, 405, 21 N. E. 252; *State ex rel. Perry v. Arrington,* 18 Nev. 412, 4 Pac. 735. It is conceded, in effect, that prior to the adoption of the constitution the city charter of Milwaukee placed the several common schools therein under the general control and supervision of a school board of education. The applicability of the constitutional provision quoted to the case at bar is not questioned. In plain disregard of that constitutional provision and the decisions of this court construing the same, the act in question not only undertook to take from the electors of the city the right to elect the members of their school board of education,

State ex rel. Harley v. Lindemann, 132 Wis. 47.

but also to take from the authorities of the city the right to appoint the members of such board. The question is not whether the circuit judges would make wise appointments to such offices, but whether they could be constituted "such authorities" of the city to make any appointment to such offices. They certainly are not municipal officers and are not to be made adjuncts of the city government. The constitution only authorized the appointment of such officers "by such authorities" of the city as the legislature should designate for that purpose. The appointment of such school board was outside of and foreign to the exercise of any judicial function. Whether such duties can be constitutionally imposed on circuit judges is a grave question which is not now decided. The question whether the act is wholly void or only partially void is a grave question, which has not been argued and is not determined. In holding the act unconstitutional on the ground stated no municipal confusion need result, since the legislature is in session and a valid substitute for this defective statute can be readily enacted. It is unnecessary to consider other questions discussed by counsel.

*By the Court.*—The portion of the order of the circuit court from which the defendants appealed is affirmed, and the portion of the order from which the relator appealed is reversed, and the cause is remanded for further proceedings according to law. But one bill of costs to be taxed in favor of the relator in this court.

Upon a motion for a rehearing, the respondents cited, to the point that school directors are not city officers, *State ex rel. Clark v. Haworth,* 122 Ind. 462, 23 N. E. 946; *Hall v. Madison,* 128 Wis. 132; *Belles v. Burr,* 76 Mich. 1; *T. B. Scott L. Co. v. Oneida Co.* 72 Wis. 158, 161.

The motion was denied May 21, 1907.